UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>U. BANIGA, et al.,<br><br>　　　　Defendants. | 1:19-cv-01258-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS** |

**I.　BACKGROUND**

Jose Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2019 (ECF No. 1.) The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on September 23, 2019, requiring Plaintiff to respond within thirty days by either filing an amended complaint or notifying the court that he is willing to proceed only against defendant, Dr. Rodriguez, on Plaintiff's medical claim found cognizable by the court. (ECF No. 8.)

In the prayer of the Complaint, Plaintiff requests the court to "[g]rant injunction mandating that the Defendants provide effective and adequate and speedy medical care for Plaintiff's medical conditions (surgery specialists for hernia removal)." (ECF No. 1 at 13.) Also, Plaintiff titles the Complaint "an emergency action, based upon the chronic and urgency

of Plaintiff's medical condition regarding Plaintiff's injunctive demand." (ECF No. 1 at 1.) Based on the urgency of Plaintiff's requests, the court construes Plaintiff request as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

Plaintiff requests a court order requiring Defendants to provide him with immediate medical care. At this stage of the proceedings the court awaits Plaintiff's response to the

court's screening order, and therefore there is no complaint on file in this case with which to proceed. The court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action and the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Therefore, Plaintiff's motion must be denied. Plaintiff is not precluded from renewing the motion at a later stage of the proceedings.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on September 10, 2019, be DENIED, without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 27, 2019**         **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE