UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA,<br><br>          Plaintiff,<br><br>   vs.<br><br>U. BANIGA, et al.,<br><br>          Defendants. | 1:19-cv-01258-AWI-GSA-PC<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS REGARDING PRELIMINARY INJUNCTIVE RELIEF**<br>**(ECF No. 10.)** |

## I.    BACKGROUND

Jose Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2019. (ECF No. 1.)

On September 27, 2019, the court entered findings and recommendations, recommending that Plaintiff's motion for preliminary injunction be denied. (ECF No. 10.) On October 18, 2019, Plaintiff filed objections to the findings and recommendations. (ECF No. 14.) In the objections Plaintiff argues that the court mistook his statement in the Complaint that he was seeking injunctive relief for a motion for preliminary injunctive relief. Plaintiff asserts that he did not file a motion, and a ruling on his intention to seek injunctive relief is premature.

Plaintiff also contends that under 28 U.S.C. § 636(A), the Magistrate Judge has no authority to decide issues of injunctive relief. Plaintiff accuses the Magistrate Judge of

conducting litigation on behalf of the defendants, since "the judgment forecloses Plaintiff's injunction motion and creates a defense for the Defendants" by ruling that the injunction be denied to Plaintiff. (ECF No. 14 at 1.)

## II. AUTHORITY OF MAGISTRATE JUDGES

### A. <u>Legal Standards</u>

Title 28 U.S.C. § 636 governs the jurisdiction, powers, and temporary assignment authority of Magistrate Judges. The statute provides at § 636(b)(1):

> (A) a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action...;
>
> (B) a [district] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)...;

28 U.S.C. § 636(b)(1)(A-B).

Rule 72 of the Federal Rules of Civil Procedure, regarding findings and recommendations on dispositive motions, states that "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ," and that "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Rule 72(b)(1). Furthermore, Local Rule 302 for the Eastern District of California states, in part, "It is the intent of this Rule that Magistrate

Judges perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), . . . [and] Magistrate Judges will perform the duties described in 28 U.S.C. § 636(b)(1)(B)." L.R. 302(a).

### B. Analysis

Plaintiff is correct that 28 U.S.C. § 636(B)(1)(A) does not provide authority for magistrate judges to resolve dispositive motions, including motions for injunctive relief. 28 U.S.C. § 636(B)(1)(A). See Leskinen v. Perdue, No. 218CV453TLNKJNPS, 2019 WL 2567142, at *2–3 (E.D. Cal. June 21, 2019), report and recommendation adopted, No. 218CV00453TLNKJN, 2019 WL 4011076 (E.D. Cal. Aug. 26, 2019). However, in so arguing, Plaintiff conveniently omits reference to section B, which provides explicit authority for a magistrate judge to conduct proceedings for injunctive relief and submit proposed findings of fact and recommendations to a district judge. Id. (citing see § 636(b)(1)(B); see also United States v. Reyna–Tapia, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc) (reminding that "certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions [and] petitions for writs of habeas corpus) may be referred only for evidentiary hearing, *proposed findings, and recommendations*.") (emphasis added)). Local Rule 302(a) derives from § 636, and the Ninth Circuit has upheld this allocation of judicial resources in numerous instances. See Leskinen, 2019 WL 2567142, at *3 (citing see Houghton v. Osborne, 834 F.2d 745, 748 (9th Cir. 1987) ("[28 U.S.C. § 636(b)(1)(B)] authorizes a magistrate to submit to the district court proposed findings of fact and recommendations for the disposition of . . . a motion for summary judgment."); see also Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015) (finding that "a magistrate judge should provide a report and recommendation to the district court [on a remand motion] that is subject to de novo review....")).

Thus, in submitting the proposed findings and recommendations to Judge Ishii, the undersigned acted within his authority. Houghton, 834 F.2d at 748.

### III. PLAINTIFF'S REQUEST FOR INJUNCTION

In light of Plaintiff's request in the Complaint that this case be treated as an "emergency action," the court construed Plaintiff's statement in the Complaint requesting "speedy medical care" as a motion for preliminary injunctive relief, and therefore addressed it as a request for

immediate medical care. (ECF No. 1 at 1, 7.) Plaintiff also alleges in the Complaint that his "life is in imminent danger, and he suffers in extreme pain." (ECF No. 1 at 3 ¶ 4.) Nonetheless, Plaintiff claims that he is not requesting immediate medical care and seeks to preserve his right to request injunctive relief in the Complaint.

Plaintiff is advised that the findings and recommendations of September 27, 2019, address only *preliminary* injunctive relief, and importantly, not Plaintiff's right to request injunctive relief in the Complaint. However, given that Plaintiff has vehemently denied any intent to request preliminary injunctive relief, the court shall withdraw its findings and recommendations.

**IV.     CONCLUSION**

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that the findings and recommendations entered on September 27, 2019, are WITHDRAWN.

IT IS SO ORDERED.

   Dated:  **October 23, 2019**                      **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE